IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DENNISON | ) FILED: AUGUST 13, 2008 |
| | ) 08CV4592 |
| Plaintiff, | ) JUDGE GETTLEMAN |
| | ) MAGISTRATE JUDGE COLE |
| v. | ) No. |
| | ) |
| | ) PH NOTICE OF REMOVAL |
| MEDTRONIC, INC., | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

TO:    Clerk of the United States District Court for the Northern District of Illinois

James H. Himmel
JAMES H. HIMMEL LAW OFFICES
6500 College Drive
Palos Heights, IL 60463

Defendant MEDTRONIC, INC. ("Medtronic"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to this Court. The grounds for removal are as follows:

1.    Medtronic is a defendant in a personal injury civil action now pending in the Circuit Court of Cook County, Illinois, 08 L 066035, entitled *Kimberly Dennison v. Medtronic, Inc.* Copies of all papers received by Medtronic in this matter, including a copy of the summons and complaint, are attached hereto as Exhibit A.

2.    Medtronic brings this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## JURISDICTIONAL AMOUNT

3.  As the party asserting diversity jurisdiction, Medtronic "must show a reasonable probability" that the amount in controversy exceeds $75,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

4.  Illinois's pleading rules do not permit Plaintiff to plead for a specific dollar amount. *See* 735 ILCS 5/2-604. Accordingly, the Complaint does not pray for judgment or allege damages in any particular dollar amount. (*See*, Compl. Ex. A at 1.) Rather, Plaintiff prays for judgment "in an amount in excess of $50,000." *Id.*

5.  When a Plaintiff's complaint, as here, does not specify the value of the claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

6.  Plaintiff's underlying state court action seeks damages for personal injuries allegedly suffered as a result of an allegedly defective medical device allegedly manufactured by Medtronic. (*See* Compl. Ex. A. at 4 ¶¶ 2-6.) Plaintiff claims that as a result of the device's malfunction, she has "suffered lost wages; medical bills; additional surgery; [and] pain and suffering," and claims that she "will continue to experience pain and suffering." *Id.* at ¶ 7.

7.  A "common-sense reading" the Complaint reveals that Plaintiff is seeking compensatory damages in excess of $75,000. *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (noting that "courts have routinely held that when plaintiffs allege serious, permanent injuries . . . it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount"); *see also Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *5 (S.D. Ill. June 30, 2006) (finding plaintiffs' allegations of "serious and permanent personal injuries . . . physical pain and mental anguish . . .

and that plaintiffs incurred past and future medical expenses and lost wages met jurisdictional limit).

8.  Moreover, the fact that Plaintiff has filed and docketed the case in the branch of the Cook County Circuit Court located in Markham, Illinois, (as opposed to at the main civil courthouse at the Daley Center in Chicago) confirms Medtronic's good-faith estimate of the value of the suit. Most civil cases heard in Markham are pending in the court's "Sixth Municipal District" and involve controversies under $100,000 in value. *See* CIR. CT. COOK CTY. ILL. GEN'L ORDER NO. 1, § 2.1(a)(1)(ii), attached hereto as Exhibit B. However, a party may also file and docket a "Law Division" case at the Markham courthouse, but only if the suit seeks damages in excess of $100,000. *See id.* at § 2.1(a)(4)(i). In this case, Plaintiff has filed and docketed her "Law Division" case that the Circuit Court's location in Markham, (*see* Compl. Ex. A. at 1), which she can do *only* if she is seeking damages in excess of $100,000.

9.  Because it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, removal is proper.

## DIVERSITY OF CITIZENSHIP

10. Medtronic was, at the time the complaint was filed, and is now, a corporation incorporated under the laws of Minnesota, with its principal place of business in Minneapolis, Minnesota, and is therefore domiciled in Minnesota.

11. On information and belief, Plaintiff was, at the time the complaint was filed, and is now, domiciled in the state of Illinois.

## REMOVAL IS OTHERWISE PROPER

12. Plaintiff's Complaint was filed on July 8, 2008. Medtronic first received a copy of the Complaint on July 15, 2008, via service of process by the Cook County Sheriff. This

Notice of Removal is therefore timely filed within thirty days after the date of first receipt of the Complaint by Medtronic as required by 28 U.S.C. § 1446(b).

13. The Circuit Court of Cook County, Illinois, Law Division, is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

14. Medtronic has provided all parties with a written notice of the filing of this Notice of Removal and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

15. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Medtronic in the State Court Action are attached to this Notice as Exhibit A.

WHEREFORE, Defendant MEDTRONIC, INC. respectfully removes this action from the Circuit Court of Cook County, Illinois, Law Division, bearing number 08 L 066035, to this honorable Court pursuant to 28 U.S.C. § 1441.

**MEDTRONIC DEMANDS TRIAL BY JURY**

Dated: August 13, 2008

                                          Respectfully submitted,

                                          MEDTRONIC, INC.

                                          By: _____
                                                   One of Its Attorneys

Mark P. Miller (6191128)
Martin D. Snyder (6238137)
Christine E. Skoczylas (629381)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 201-2000

## CERTIFICATE OF SERVICE

I, Christine E. Skoczylas, an attorney, state that I have served a copy of the foregoing Notice of Removal to all counsel of record by depositing a copy of same in the United States Mail at 225 West Wacker Drive, Chicago, Illinois, 60606, properly addressed with the proper prepaid postage affixed thereto this 13th day of August, 2008.

_____

```
08CV4592
JUDGE GETTLEMAN
MAGISTRATE JUDGE COLE

PH
```

# EXHIBIT A

**CT CORPORATION**
A WoltersKluwer Company



RECEIVED
JUL 17 2008
LAW DEPARTMENT
MEDTRONIC, INC.

**Service of Process Transmittal**
07/15/2008
CT Log Number 513636772

TO: Vicki Tersteeg
Medtronic, Inc.
MS: LC300, 710 Medtronic Parkway
Minneapolis, MN 55432-5604

RE: **Process Served in Illinois**

FOR: Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Kimberly Dennison, Pltf. vs. Medtronic, Inc., Dft. |
| DOCUMENT(S) SERVED: | Summons (2 Sets), Complaint |
| COURT/AGENCY: | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 08 L 066035 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - Neurostimulator was defective and would not perform as intended |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/15/2008 at 10:00 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | James H. Himmel<br>6500 College Drive<br>Palos Heights, IL 60463<br>708-371-3494 |
| ACTION ITEMS: | Telephone, Vicki Tersteeg , 763-505-2671<br>*On 07/15/08 at 1:30 p.m.*<br>SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 790544680894<br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br>Email Notification, Anne Sederstrom ANNE.SEDERSTROM@MEDTRONIC.COM |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( 20803 ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

KIMBERLY DENNISON

v.

MEDTRONIC, INC.

No. 08L066035

SERVE REGISTERED AGENT AT:
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

- ☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ☐ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ☒ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426

- ☐ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 20803
Name: James H. Himmel
Atty. for: Plaintiff
Address: 6500 College Drive
City/State/Zip: Palos Heights, IL 60463
Telephone: (708) 371-3494
Service by Facsimile Transmission will be accepted at: _____

WITNESS, DOROTHY BROWN JUL 0 8 2008

D. Brown
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( 20803 ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

KIMBERLY DENNISON

v.

MEDTRONIC, INC.

No. 08L066035

SERVE REGISTERED AGENT AT:
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid                         1500 Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview      ☑ District 6 - Markham              ☐ Child Support
   10220 S. 76th Ave.             16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
   Bridgeview, IL 60455           Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN   JUL 0 8 2008

WITNESS, _____, _____

Atty. No.: 20803
Name: James H. Himmel
Atty. for: Plaintiff
Address: 6500 College Drive
City/State/Zip: Palos Heights, IL 60463
Telephone: (708) 371-3494
Service by Facsimile Transmission will be accepted at: _____

D. Brown
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STATE OF ILLINOIS]           ATTORNEY #20803
                ]
COUNTY OF COOK ]

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

| KIMBERLY DENNISON, | ] 08L066035 |
| --- | --- |
| Plaintiff | ] No. |
| v. | ] |
| MEDTRONIC, INC. | ] Amount Claimed: in excess of $50,000.00 |
| Defendant | ] Return Date: |

### COMPLAINT AT LAW

NOW COMES, the Plaintiff, KIMBERLY DENNISON, by and through her attorney, James H. Himmel, and complains of the Defendant, MEDTRONIC, INC., as follows:

1. Defendant, MEDTRONIC, INC., is a foreign corporation, licensed to do business in the State of Illinois, with its principal office located at 710 Medtronic Parkway, Minneapolis, MN, and is engaged in the business of manufacturing and selling medical technology.

2. Prior to May 2006, Defendant, MEDTRONIC, INC., sold and distributed a particular Medtronic Restore rechargeable neurostimulator Model 37711.

3. Said neurostimulator was implanted in the body of Plaintiff, to the best of her knowledge, without substantial change to any part of the device.

4. The purpose of the implant was to treat chronic pain which Plaintiff was suffering.

5. Subsequent to the implant, Plaintiff continued to suffer pain.

6. Sometime prior to July 21, 2006, Plaintiff became aware that the neurostimulator was defective and would not perform as intended.

7. As a direct and proximate result of the defective condition of the device, Plaintiff suffered lost wages; medical bills; additional surgery; pain and suffering; and will continue to experience pain and suffering.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount in excess of $50,000.00.

1

_Kimberly Dennison_ (signature)
Kimberly Dennison

SUBSCRIBED AND SWORN to before me this ___7___ day of __July__, 2008.

_____
Notary Public

"OFFICIAL SEAL"
James H. Himmel
Notary Public, State of Illinois
My Commission Exp. 04/15/2010

I, James H. Himmel, certify that I am the attorney for Plaintiff and that the allegations contained herein are true and correct.

_____
James H. Himmel

Prepared by:

James H. Himmel
Attorney #20803
6500 College Drive
Palos Heights, IL 60463
(708) 371-3494

2

# EXHIBIT B

the Supreme Court. This report shall also contain the type of case and the outcomes of the mediation, i.e., whether settled, not settled, or partially settled. Said report shall be submitted to the Supreme Court for the calendar year not later than the first day of March of the next calendar year.

[Adopted December 13, 2006, effective January 1, 2007.]

## Rule 21.10. Forms

The following forms shall be used in conjunction with court-annexed mediation:

Form 1: Mediator Application and Self Certification Of Qualifications

Form 2: Order of Referral to Court-Annexed Mediation

Form 3: Confidentiality Agreement and Nonrepresentation Acknowledgment

Form 4: Memorandum of Agreement/No Agreement

Form 5: Order of Dismissal

Form 6: Mediator Report, pursuant to Supreme Court Rule 99 as a mechanism for reporting to the Supreme Court on the mediation program

[Adopted December 13, 2006, effective January 1, 2007.]

## Rule 21.11. Evaluation

The Court shall collect information regarding the effectiveness of the mediation program. To facilitate this activity, mediators will supply attorneys with evaluation forms at the end of each mediation session. The attorneys are encouraged to complete, and have their clients complete, the forms and return them to the Mandatory Arbitration Center, 222 N. LaSalle St., Chicago, Illinois 60601 within ten (10) days of the final mediation session. Mediators are encouraged to complete an evaluation form and submit it to the Mandatory Arbitration Center within ten (10) days of the final mediation session.

Other forms may be promulgated by the Presiding Judge to aid in reporting on or evaluating the mediation process as required by Supreme Court Rule 99.

[Adopted December 13, 2006, effective January 1, 2007.]

# GENERAL ORDERS

## General Order No. 1. Organization

The Circuit Court of Cook County, Illinois, is organized as follows:

### General Order No. 1.1 Administration.

The Office of the Chief Judge has general administrative authority in the court and includes the following sections:

(a) *Administrative Section.*

(b) *Non-judicial Section.*

(c) *Surety Section.* (To include authorization of sureties, revocation of authority, collection and enforcement of liabilities arising from surety obligations and general supervision of sureties and their agents.)

(d) *Juvenile Justice and Child Protection Resource Section.* (To include facilitation of the extension of services to juveniles throughout the County of Cook, to provide liaison with the business, religious and academic communities, bar associations, and treatment professionals in identifying and developing community and other resources to augment the programs and services vital to the Juvenile Justice and Child Protection Divisions, to expand education programs for judges, attorneys, and others involved in actions in the Juvenile Justice and Child Protection Divisions, and to promote the expansion of cost efficient alternative legal representation for named parties in cases in the Juvenile Justice and Child Protection Divisions.)

### General Order No. 1.2 Operation.

The Circuit Court of Cook County is composed of departments, divisions and districts as follows:

2.1 *County Department.* The County Department is composed of the following divisions:

(a) Law Division.

(1) The Law Division hears civil actions at law, whether or not a jury is demanded, except:

(i) Actions filed in Municipal District One with complaints or counterclaims for compensatory and consequential money damages not in excess of $30,000 unless a tax claim in excess of $3,000 is involved;

(ii) Actions filed in Municipal Districts Two, Three, Four, Five or Six with complaints or counterclaims for compensatory and consequential money damages not in excess of $100,000 unless a tax claim in excess of $3,000 is involved;

(iii) Actions for the recovery of property of a value not in excess of $30,000 filed in Municipal District One;

(iv) Actions for the recovery of property of a value not in excess of $100,000 filed in Municipal Districts Two, Three, Four, Five and Six;

(v) Actions of forcible entry and detainer;

(vi) Actions arising under the Parentage Act of 1984, as amended (750 ILCS 45/1 et seq.);

(vii) Actions brought under the Land Titles Act of 1897, as amended.

(2) The amount of punitive damages sought may be considered in determining whether an

action filed in the Law Division shall remain in the Law Division if the court, in its discretion, finds a reasonable likelihood of proving facts at trial sufficient to support a substantial award of punitive damages.

(3) The Law Division consists of the following sections:

(i) Motion Section;

(ii) Assignment Section;

(iii) Jury Section;

(iv) Non-Jury Section;

(v) General Individual Calendar Section;

(vi) Commercial Individual Calendar Section;

(vii) Complex Litigation Case Management Section (to manage complex litigation consistent with the requirements of Supreme Court Rule 218);

(viii) Tax and Miscellaneous Remedies Section (to include replevin, condemnation, habeas corpus, ejectment, citations, garnishments, executions, levies, attachments and other supplemental proceedings, statutory summons under the Worker's Compensation Act (820 ILCS 305/19), administrative review under the Unemployment Insurance Act (820 ILCS 405/1100) and all tax matters including administrative review of such matters (except administrative review of Property Tax Appeal Board final decisions taken pursuant to 35 ILCS 200/16–195) when the amount in controversy exceeds $3,000 regardless of the remedy requested).

(4) Law Division actions may be filed and disposed in Municipal District court locations Two, Three, Four, Five and Six as follows:

(i) Law Division actions, excluding commercial actions as set forth on the Law Division Civil Action Cover Sheet, seeking compensatory and consequential damages in excess of $100,000 wherein the occurrence took place or a defendant resides within the boundaries of Municipal Districts Two, Three, Four, Five or Six may be filed and heard in the respective Municipal District court locations. A motion objecting to the location where the action is pending may be filed and noticed before the assigned suburban judge not later than the time for a party to appear or any extension thereof. Upon the filing of such motion the judge shall enter an order transferring the action to the Presiding Judge of the Law Division for reassignment within the Law Division in the Richard J. Daley Center. Thereafter, only the Presiding Judge of the Law Division, for administrative purposes with notice to all parties of record, may transfer any Law Division case pending in Municipal Districts Two, Three, Four, Five or Six to the Law Division of the Richard J. Daley Center for reassignment. A motion for substitution of judge shall not serve as a basis for transfer of an action to the Richard J. Daley Center unless the Presiding Judge of the Law Division determines that no other judge is available in the municipal district location.

(ii) In those Municipal District court locations where more than one Law Division calendar is established, actions filed pursuant to section (i) above shall be randomly assigned.

(5) The following definitions shall apply to section 2.1(a):

(i) Any private corporation or railroad or bridge company organized under the laws of this State and any foreign corporation authorized to transact business in this State is a resident of any district in which it has its registered office or other office. If there is no registered office or other office in Cook County, the corporation or company is deemed to be a resident of any district in which it is transacting business.

(ii) A partnership sued in its firm name is a resident of any district in which any partner resides or in which the partnership has an office or is doing business.

(b) Chancery Division. The Chancery Division is composed of the following sections:

(1) General Chancery. The General Chancery Section hears actions and proceedings, regardless of the amount of the claim, concerning class actions, mortgage foreclosures, arbitration, injunctions, temporary restraining orders (other than matters brought under the Controlled Substance and Cannabis Nuisance Act (740 ILCS 40/1 et seq.)), mandamus, quo warranto, changes of name, declaratory judgments, interpleader, ne exeat, specific performance, rescission and reformation of contracts, creditors rights, complaints for contribution, actions to quiet title and the setting aside of deeds, partition, equitable liens, redemption rights, declarations concerning or construction of trusts and wills (other than during the period of an estate administration); the appointment of trustees, successor trustees and the removal of trustees (other than during the period of an estate administration); receiverships, accounting cases; dissolution of partnerships and corporations, or other proceedings under the Corporations and Partnership Acts; proceedings under the Uniform Gifts to Minors Act; statutory review; certiorari except under the Workers' Compensation Act (820 ILCS 305/19); all administrative review (except tax matters, matters under the Unemployment Insurance Act (820 ILCS 405/1100) and matters concerning vehicle impoundment under ordinances 8-8-060 and 8-20-015 of the Municipal Code of Chicago (1993), and all other actions or proceedings formerly